## THE HAROLD L.
## THE RUSSELL NO. 7.

### BALDWIN v. NEWTOWN CREEK TOWING CO.
### No. 12226.

District Court, E. D. New York.
Jan. 6, 1932.

William F. Purdy, of New York City (Edmund F. Lamb, of New York City, of counsel), for libelant.

Alexander, Ash & Jones, of New York City (Edward Ash, of New York City, of counsel), for claimant.

BYERS, District Judge.

On August 19, 1930, the libelant's coal barge Harold L. was part of a tow, lying near the coal dock at Edgewater, N. J.; the make-up being as follows: The Harold L., laden, had the Matt Wilson alongside to starboard; a light barge was made fast to her port side aft, so that it tailed in part. Directly astern of the Harold L. was another barge. The tow as thus constituted lay in the stream, headed up river, against an ebb tide, and made fast to the coal dock, by a 7-inch hawser leading from the port corner forward of the Harold L. up to and around a bit on the dock, and back to the cleat to which the hawser was attached. That is, the eye of the hawser encircled the cleat on the Harold L.

The tug Russell No. 7 made up the tow in the formation described, and then put out two hawsers preparatory to moving the tow, one to the Harold L. and the other to the Matt Wilson.

Then the tug ordered the bargee of the Harold L. to let go his line to the dock, i. e., to disengage the free end from the cleat, and cast it loose, because it was too heavy for one man to handle otherwise. It was intended that, as the tow fell away from the dock and made out and up stream, the free end would slide around the bit on the pier, and could be hauled inboard as it trailed through the water after coming clear from the bit on the dock. What happened was that the hawser jammed on the dock, in an unascertained way; became taut, and, in the forward movement of the tow, the Harold L. was brought with such force against the coal dock that the complained of damage was inflicted which is described in the libel.

The question is whether the order given by the tug was so clearly opposed to good seamanship as to constitute negligence for which the tug must respond.

It is true that the dock line inclined from the level of the dock to the Harold L. because the freeboard of the latter forward was something over two feet only, while the dock was higher, but the difference is not stated in the testimony. This would indicate that the dock-line might not free itself as easily as if all elements occupied the same horizontal plane.

Nothing is shown, however, concerning the construction or condition of the dock to indicate that a prudent navigator of the tug should have foreseen that the line would jam, and thereby defeat, in part, what in prospect seemed to be a perfectly practicable operation.

The evidence does not sustain the contention that the captain of the tug was negligent, and none of the cases cited by the libelant requires such a decision. Doubtless, had he foreseen that the line would not pass easily around the bit and free itself from the dock, he would not have given the order that he did; but none of the cases goes so far as to hold that foresight must be equal to hindsight, in order to avoid the charge of negligence.

Libel dismissed, with costs.

Settle decree on notice.

If findings are desired, they should include appropriate reference to incorporation and ownership.